## C. & O. Ry. Co. v. Johnson

(Decided January 30, 1913.)

### Appeal from Mason Circuit Court.

1. Appeal—Review—Subsequent Appeal—Former Decisions as Law of the Case.—A judgment having been reversed because flagrantly against the evidence, the judgment obtained on a second trial of the case upon practically the same, and no stronger evidence for the plaintiff, should be set aside by the trial court, and his failure to do so is such error as will authorize a reversal.

2. Appeal.—The holding, at a former trial, that the evidence was sufficient to warrant the submission of the case to the jury is the law of the case on the second appeal, and it was not error for the trial court to refuse to submit the case to the jury.

3. New Trial—Verdict Contrary to the Evidence.—The fact that there is sufficient evidence to submit the case to the jury is not to be construed as requiring the trial court to refuse to set aside a verdict, where it is flagrantly against the evidence, but it is his duty to do so.

WORTHINGTON, COCHRAN & BROWNING, for appellants.

ALLAN D. COLE, for appellee.

OPINION OF THE COURT BY JUDGE LASSING—Reversing.

This is the second appeal in this case. The opinion, upon the former appeal, is found in 145 Ky., 481. Upon that appeal, the judgment was reversed because the verdict was flagrantly against the evidence. Upon its return to the lower court, the case was again tried, with the result that plaintiff recovered a verdict for $8,000.00, and the defendants again appeal.

The evidence for plaintiff and defendants is, in all material respects, practically the same as that upon the former trial, when the case was reviewed in this court. True, some three or four additional witnesses were introduced by plaintiff, but their evidence did not change the state of facts presented upon the former appeal, in any material particular; and plaintiff's testimony, upon the last trial, in some vital parts, corresponded more nearly with the evidence offered by the defendants than it did upon the former trial. So, taking it as a whole, the case is again before us on practically the same, certainly not stronger, evidence for the plaintiff as that presented upon the former appeal. We then said that it was flagrantly against the evidence; it is still so.

By his own testimony, plaintiff shows that, although he knew the train was approaching as he walked down the track and knew that it might go upon either one of the tracks although he thought it would not come upon the one that he was walking on, still he made no effort to advise himself as to whether or not he was in danger. He could have seen, had he looked. A mere turn of the head would have been sufficient to have enabled him to see, know, and appreciate his danger and avoided the injury, but, with an apparently stolid indifference to danger, he continued on his way. Nevertheless, it was incumbent upon those in charge of the train to avoid injuring him, if they discovered his peril in time to have enabled them to do so, having due regard to the lives and safety of those who were upon the train. The testimony for the defendant given by the engineer and fireman upon this point is overwhelming and almost conclusive to the effect that, when they discovered that plaintiff was not going to get out of the way, they did all in their power, consistent with their dutes to those on the train, to avoid striking him. Their testimony upon this point is clear, positive, and direct, but, when the case was before us on the former appeal, we said that, under the facts proven, we could not say that there was no evidence tending to show that those in charge of the train exercised that degree of care required of them to avoid injuring plaintiff after they discovered his peril, and, under the scintilla rule, the case should be submitted to the jury  That opinion is the law of this case, and the trial court properly let the case go to the jury.  But, as was said by this court in L. & N. R. Co., v. Hurt, 116 Ky., 545, the fact that there is evidence

sufficient to warrant the submission of a case to the jury, is not to be construed as requiring the trial court to refuse to set aside the verdict of the jury, where it is flagrantly against the evidence; but, on the contrary, when it does appear that a verdict is flagrantly against the evidence, it is the duty of the trial court to set it aside, and a reversal will be awarded by this court where judgment is entered upon such a verdict. See L. & N. R. Co., v. Hall, 115 Ky., 567.

Judgment reversed and cause remanded for further proceedings consistent with this opinion.