# Kentucky Traction & Terminal Company v. Downing's Administrator.

(Decided June 16, 1914.)

## Appeal from Scott Circuit Court.

1. Appeal—Review—Subsequent Appeal—Questions Concluded.— Where the evidence upon the first and second trials of a case is virtually the same, the holding of the appellate court upon the first appeal that a peremptory instruction was properly denied in the circuit court, is binding upon the appellate court on the second appeal. And, where no request was made for an instruction upon a certain phase of the case on the first trial, and no complaint of the refusal of the circuit court to give such instruction made upon the first appeal, a party will not be heard upon the second appeal to complain of the failure of the circuit court to give such instruction requested on the second trial.

2. Evidence—Evidence at Former Trial—Grounds for Admission in General.—Where in an action to recover damages for personal injuries plaintiff's judgment was reversed upon appeal; and after remand of the case, plaintiff died, and the action was by consent of the parties, revived in the name of an administrator, such stipulation concedes the death of the original plaintiff and dispenses with the necessity of the affidavit required by Section 4643, Kentucky Statutes, to render admissible the testimony of plaintiff's intestate taken upon the former trial by the official stenographer.

3. Evidence—Evidence at Former Trial—Identity of Parties.— Where the plaintiff in an action to recover damages for personal injuries dies after remand of the case to the circuit court and the action is revived in the name of and prosecuted by administrator, the former testimony of plaintiff's intestate is admissible as between the same parties. Substantive law extends the term "parties" to include persons who in the law of privity are identified with them in legal interest, hence the benefit of former testimony of an intestate extends to his personal representative.

4. Damages—Excessive Damages—In General.—The finding of a jury in awarding damages is presumptively reasonable; hence when the court.is in doubt as to the fairness of a verdict, unless it is so excessive as to indicate passion or prejudice in the returning thereof, a verdict will not be disturbed.

J. CRAIG BRADLEY, STOLL & BUSH, and WALLACE MUIR for appellant.

FORD & FORD for appellee.

OPINION OF THE COURT BY JUDGE HANNAH—Affirming.

This action was originally instituted by Mrs. Nannie Downing against the Kentucky Traction & Terminal Company, in the Scott Circuit Court, to recover damages for injuries received by her in a collision between a buggy in which she was riding and a traction car on defendant company's interurban railway, which injuries were claimed to have been caused by the negligence of the motorman operating the car.

She recovered a verdict and judgment against defendant company in the sum of three thousand dollars. Upon appeal, the judgment was reversed upon the ground that the damages awarded were excessive. See 152 Ky., 25, 153 S. W., 32.

Upon the remand of the case to the circuit court, Mrs. Downing having died from causes having no connection with the injuries mentioned, the action was revived by consent in the name of her administrator; and upon a second trial, plaintiff recovered a verdict in the sum of two thousand dollars, upon which judgment was rendered. Defendant company again appeals.

1. It is first contended by appellant that the circuit court erred in refusing its motion for a peremptory instruction on the whole case.

However, appellant admits that the evidence introduced upon the second trial was practically the same as that given on the first hearing. In the former opinion, it was held that the case was properly submitted to the jury; and that opinion concludes appellant's contention in respect of the matter in question. Gossett v. Kentucky Wagon Mfg. Co., 153 Ky., 101, 154 S. W., 897.

2. Appellant company also contends that the court erred in refusing to give to the jury an instruction offered by it to the effect that J. B. Finley, a brother of Mrs. Downing, who was driving the horse, was her agent, and that if he was negligent, and but for his negligence the injury would not have been received by her, they should find for the defendant.

This contention is likewise foreclosed by the opinion upon the former appeal. The instructions are based upon the law and the evidence; and the evidence upon the second trial was the same as upon the first. Hence, appellant having failed to ask this instruction upon the first trial and to complain of the failure of the court to give it, when the case was here upon the former appeal, it will not now be heard to complain of the failure of the circuit court to give such instruction upon the second trial.

Cov. & C. Bridge Co. v. Smith, 89 S. W., 674, 28 R., 529; Lexington Railway Co. v. Fain, 90 S. W., 574, 28 R., 743; Langhorn, Johnson & Co. v. Wiley, 115 S. W., 759; Illinois Life Ins. Co. v. Wortham, 119 S. W., 802; Stringfield v. Louisville Railway Co., 130 Ky., 468, 113 S. W., 513; C. & O. v. Lang's Admx., 141 Ky., 592, 133 S. W., 570.

3.  Complaint is also made by appellant because the court permitted to be read as evidence for the plaintiff, the testimony of plaintiff's intestate given upon the former trial, and reported by the official stenographer. Appellant contends that this was error because the plaintiff filed no affidavit showing that the testimony of plaintiff's intestate could not be procured, as required by section 4643, Kentucky Statutes.

The record, however, shows that the action was revived in the name of Mrs. Downing's administrator by consent of the parties.  This stipulation concedes her death, and rendered unnecessary the filing of an affidavit to that effect.

4.  But appellant also contends that the circuit court erred in permitting this former testimony to be read to the jury because the action is not between the same parties as the former trial, Mrs. Downing being plaintiff in the former action, and her administrator in this.

Substantive law, however, extends the term "Parties" to include persons who under the law of privity are identified with them in legal interest; and, accordingly, the benefit of former testimony inures to the person in privity, and is admissible for his personal representative.  See 16 Cyc., 1093, and the cases cited in notes 7 and 8.

5.  Finally, it is contended by appellant that the damages awarded are again excessive.

It was said by this court in the former opinion:

"We have adopted the rule of not interfering with the verdict of the jury unless it appears at first blush to be so excessive as to indicate that the jury was influenced by passion or prejudice in making the award.  The question of whether we should interfere with the verdict of a jury is made further embarrassing and difficult by the fact that the jury is the tribunal selected by law for the purpose of estimating in cases like this the amount of the recovery to which the injured party is entitled; and for this reason, courts should be and are reluctant to set up their judgment against the judgment of the persons

who have been set apart to determine this question of fact. * * * But in exercising this authority we always keep in mind that the finding of the jury is presumptively reasonable and not to be interfered with when there is doubt as to its fairness."

In this condition of mind the court finds itself upon this second appeal, in respect of the amount of the verdict.

But, while doubting its fairness, we have been unable to say that it is so excessive as to indicate passion or prejudice in the returning thereof; hence under our well-established rule, and · this being the second appeal, we leave the verdict undisturbed.

Judgment affirmed.