## Muth, etc. v. Nunnelley, Administrator.

(Decided March 11, 1924.)

### Appeal from Fayette Circuit Court.

1. Appeal and Error—Holding on Former Appeal Law of Case.— Where judgment for defendants on former appeal was reversed, the court must have been of the opinion that certain defendants were not entitled to a directed verdict, as otherwise the judgment would not have been reversed as to them, and the evidence being the same on a second trial, the Court of Appeals is precluded from holding that such defendants were entitled to a directed verdict on the second trial.

2. Appeal and Error—No Complaint Can be Made of Failure to Instruct on Second Trial, where no Instruction Requested on First. —Where a party on the first trial of an action fails to ask for an instruction, and fails on the first appeal to the Court of Appeals to complain of the court's failure to give it, he will not be heard to complain of a refusal of the trial court to give such an instruction on the second trial, if the pleadings and evidence are the same.

3. Appeal and Error—Law of Case on Second Trial.—It cannot be complained that on second trial the court erred in not modifying its instruction defining the duty of the driver of a truck to give a signal, by saying in substance that he need not have given it unless he had time to give such signal before the collision, and provided further that he had time and opportunity to give the signal without interfering with his attempt to stop the truck, where the same argument was presented on the former appeal and the court said it was not without merit, but was not conclusive, in view of the driver's own testimony that he could have stopped the truck at a distance of fifteen feet, and that it did not appear that an attempt to stop the truck would have precluded the giving of the signal at the same time; the court then proceeding to reverse the judgment only because of the failure of the trial court to define the driver's duty with reference to the signaling of the approach of the truck, and expressly saying that in all other respects the instructions were proper.

JOHN P. HASWELL, JOHN R. ALLEN and GEORGE C. WEBB for appellants.

D. C. HUNTER and WALLACE MUIR for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER— Affirming.

On January 16, 1920, Clifton Porter Nunnelley was run into and killed by a Ford truck driven by John Muth,

on the highway in Fayette county. His personal representative instituted this action for damages against John Muth, Pierre Muth, Henrietta Muth and Louis Muth, alleged to be partners doing business as the Muth Grocery Company.

On the first trial a verdict was returned for the defendant, but on appeal to this court the judgment was reversed for the sole reason that the court had not sufficiently defined in its instructions the duty of a driver of a motor car to signal its approach to one on the highway. Nunnelley's Admr. v. Muth, 195 Ky. 352.

On the return of the case another trial was had and a verdict was then returned for the plaintiff, and from a judgment on that verdict this appeal is prosecuted.

Three grounds are urged for reversal, all of which we are constrained to hold are precluded by a former opinion in this case under the rule of "the law of the case."

The first contention is that the appellees, Henrietta, Louis and Pierre Muth, were entitled to the directed verdict asked for because, as alleged, of the failure of the evidence to disclose that at the time of the injury the truck driven by John Muth was engaged in the business of the firm of Muth Grocery Company. If the court had been of opinion upon the former appeal that the parties named were entitled to a directed verdict, the judgment would not have been reversed as to them, but only as to John Muth; and it seems to necessarily follow that in as much as the evidence was substantially the same on the first and second trial the court was then of opinion it authorized the submission of the case as to the three appellees named, and an inspection of the evidence justifies that conclusion. The second error complained of is the refusal of the court on the second trial to give an instruction to the effect that if the young boy came suddenly around the automobile of his father, and so close to the approaching truck of Muth that the latter could not have with means at his command avoided the collision, then the jury should find for the defendant. It appears that no such instruction was offered in the first trial, and consequently no such question was made upon the first appeal. The question therefore is, as to this instruction, whether on this appeal, assuming it to have been otherwise unobjectionable, is the court precluded from considering that question.

The precise question has been passed upon by this court and it has been held that where a party on the first trial of an action fails to ask for an instruction, and fails upon the first appeal to this court to complain of the court's failure to give it, he will not be heard to complain of a refusal of the trial court to give such an instruction on the second trial, if the pleadings and evidence are the same. In the case of Ky. T. & T. Co. v. Downing, 159 Ky. 502, a second appeal, the defendant complained of the refusal of the court on the second trial to give an instruction which he had not offered on the first trial, and which had not been considered by this court upon the first appeal. The court in disposing of this contention on the second appeal said:

"This contention is likewise foreclosed by the opinion upon the former appeal. The instructions are based upon the law and the evidence; and the evidence upon the second trial was the same as upon the first. Hence, appellant having failed to ask this instruction upon the first trial and to complain of the failure of the court to give it, when the case was here upon the former appeal, it will not now be heard to complain of the failure of the circuit court to give such instruction upon the second trial."

See also C. & O. v. Lang's Admrx., 141 Ky. 595; Miller's Appellate Practice, section 138; and note to Hastings v. Foxworthy, 34 L. R. A. 321; Graziani's Extrx. v. Ambrose, 201 Ky. 466.

In the latter case the court in upholding the wisdom of the rule involved, says that while it may in some cases work a hardship, in the great majority of them it does not, but serves the useful purpose of following the policy of the law that there shall be a speedy and final determination of litigation. There is no claim here that this question could not have been raised on the first trial, and this court in the case of Davis v. McCorkle, 14 Bush 746, in considering on appeal a question of pleading which had not been raised upon a former appeal, quoted with approval as follows from the case of Henderson v. Henderson, 3 Hare, 115:

"Where a given matter becomes the subject of litigation in and adjudication by a court of competent jurisdiction, the court requires the parties to

bring forward their whole case, and will not, except under special circumstances, permit the same parties to open the same subject of litigation in respect of a matter which might have been brought forward as part of the subject in contest, but which was not brought forward only because they have, from negligence, inadvertence, or even accident, omitted a part of their case.''

Because of defendant's failure to raise this question on the first trial and have it disposed of by this court on the first appeal, we are of the opinion that under the rule laid down in the Downing case they are now precluded from raising it.

It is also urged that on the last trial the court erred in not modifying its instruction defining the duty of the driver to give a signal by saying in substance that he need not have given it unless he had time to give such signal before the collision, and provided further that he had time and opportunity to give the signal without interfering with his attempt to stop the truck. It is sufficient to say, in response to this, that the same argument was presented on the former appeal, and the court said it was not without merit, but was not conclusive in view of Muth's own testimony that he could have stopped the truck at a distance of fifteen feet, and that it did not appear that an attempt to stop the truck would have precluded the giving of the signal at the same time. The court then proceeded to reverse the judgment only because of the failure of the trial court to define the driver's duty with reference to the signaling of the approach of the truck, and expressly said that in all other respects the instructions were proper. There was no direction to embrace the idea then contended for in the instruction; on the contrary, the court seems to have held that because of Muth's evidence that he could have stopped the truck in fifteen feet, and because it was not made to appear that an effort to stop the truck would have interfered with the giving of the signal at the same time, that the modification was not proper.

The judgment is affirmed.