## Pickrell, et al. v. Wilson, et al.

(Decided November 9, 1926.)

Appeal from Jefferson Circuit Court
(Common Pleas, Fourth Division).

1. Appeal and Error—All Questions Raised, or that Might have Been Raised, on Former Appeal are Regarded as Settled, and Instructions Given and Not Criticised Become Law of Case, which Cannot

be Departed from in Succeeding Trials.—Where opinion on appeal becomes final, all questions raised, or that might have been raised, must be regarded as settled, and, where instructions that were given on trial were before court, and not criticised, they are tacitly approved, and become law of case, which trial court can neither modify nor depart from in succeeding trials.

2.  Appeal and Error.—Questions settled by opinion on former trial include those that might have been raised, if proper steps had been taken, and are not confined to those raised on record.

3.  Appeal and Error—Appellant Cannot Complain of Court's Refusal to Give Instruction Not Requested at First Trial and Concerning which no Complaint was Made on First Appeal, if Pleadings and Evidence are Same.—Where party on first trial fails to ask for an instruction, and fails on first appeal to complain of court's failure to give it, he cannot complain of refusal to give such an instruction on second trial, if pleadings and evidence are the same.

BRUCE, BULLITT, GORDON & LAURENT for appellants.

WALTER P. LINCOLN, EDWARDS, OGDEN & PEAK and J. M. CHILTON for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

On June 14, 1914, William Wilson and H. C. Dunavent sold to Otis Pickrell and J. E. Zinsmeister the exclusive right to manufacture for a period of five years a sanitary milk strainer alleged to have been covered by a patent issued to Robert Lynch and purchased by them. The contract of sale provided for an annual minimum royalty, and in the month of October, 1915, Wilson and Dunavent brought an action against Pickrell and Zinsmeister to recover the minimum royalty due for the first year. The defenses were: (1) The contract was delivered on conditions that never happened; (2) the contract was cancelled or abandoned; (3) the patent was invalid; (4) the patent did not cover the strainer. On these issues the court gave the following instructions:

"1.  The law of this case is for the plaintiffs, William Wilson and H. C. Dunavent, and the jury will so find unless the jury shall believe from the evidence,

"(a)  That the written instrument dated June 15, 1914, sued upon herein, was signed and delivered by the defendants, Pickrell and Zinsmeister, to the plaintiffs, Wilson and Dunavent, upon the condition that it was not to become effective as a contract if Banning & Banning, patent lawyers of Chicago,

should express the opinion that the sample strainer exhibited to the defendants by the plaintiffs was not such a strainer as was described in and protected by the Lynch patent, and that thereafter said Banning & Banning did express an opinion that the sample strainer referred to was not such a strainer as is described in and protected by the Lynch patent; or

"(b) That after the instrument of writing dated June 15, 1914, between the plaintiffs and defendants and read to you in the evidence, was signed and delivered by the parties thereto, the said plaintiffs, or either of them, acting for both of them, and the defendants, or either of them, acting for both of them, by mutual agreement, cancelled or abandoned said contract or the performance of its terms therein set forth; or

"(c) That the dies and appliances for the manufacture of said strainers referred to in said instrument of writing, and which dies and appliances were described to you in the evidence, and which are claimed by the evidence to have been delivered to the defendants by, or upon the order of, the plaintiffs after the execution of the instrument of writing sued on herein, were not adapted to manufacture a strainer conforming substantially to all of the specifications and teachings of the Lynch patent, as contained in the letters patent of said Lynch patent read to you in the evidence; or

"(d) That at the time said instrument of writing dated June 15, 1914, between the plaintiffs and defendants, sued on herein and read to you in the evidence, was executed and delivered between the plaintiffs and defendants, the said Lynch patent therein referred to was not a valid patent, as that term is described to you by these instructions."

Instruction No. 2 is the converse of instruction No. 1. Instructions 3 and 4 stated the law by which the jury should be guided in determining whether or not the patent was valid. The trial resulted in a verdict and judgment for plaintiff in the sum of $4,927.94. On appeal the case was reversed on the sole ground that the court erred in excluding oral evidence that the contract was delivered on condition that it should not take effect until the happening of certain contingencies. At the same time this court held that the royalties were due and collectible annually,

and that the trial court did not err in refusing to transfer the case to equity. Pickrell, et al. v. Wilson, et al., 199 Ky. 20, 250 S. W. 135. On the return of the case it was consolidated with another suit brought during the pendency of the appeal to recover for subsequently accruing royalties. In the second suit the pleadings and evidence were substantially the same. At the conclusion of the evidence the defendants offered the following instructions:

"6. The court instructs the jury that the scope of the Lynch patent is limited to the claims set out on page 2, lines 30 to 65, in the letters patent introduced in evidence, and that the following language found on page 1, lines 31 to 35 of the said letters patent, to wit: 'It being understood that changes in the precise embodiment of invention herein disclosed can be made within the scope of what is claimed without departing from the spirit of the invention,' do not have the effect of changing or enlarging the patent as precisely defined in the claims set out on page 2, lines 30 to 65, in the said letters patent. The language found on page 1 of the letters patent does not give to the patent any greater scope than the patent would have if the said language had been omitted.

"7. The court instructs the jury that the specifications appearing on pages 1 and 2 in the letters patent introduced in evidence do not have the effect of changing or enlarging the Lynch patent as precisely defined in the claims for the Lynch patent appearing on page 2, lines 30 to 65, in the said letters patent; and the jury are further instructed that the device protected by the Lynch patent and described in the claims of the letters patent introduced in evidence has, as one of its essential elements, a pair of funnel-shaped members flaring in opposite directions."

The offered instructions were refused, and the jury returned a verdict in favor of plaintiffs for five annual installments of minimum royalties aggregating about $25,000.00, together with interest on each installment.

On this appeal the sole ground urged for reversal is the refusal of the trial court to give the offered instructions. The argument may be summed up as fol-

lows: Keystone Bridge Co. v. Phoenix Iron Co., 95 U. S. 274, 24 L. ed. 344; White v. Dunbar, 119 U. S. 47, 30 L. ed. 303, and other opinions of the United States Supreme Court, establish the rule that the scope of a patent is limited by what is claimed. In this case the claim is "a pair of funnel-shaped members flaring in opposite directions," while the strainer in question consists of only one funnel-shaped member flaring in one direction. In the given instructions the jury were told to find for plaintiffs unless they believed that the dies and appliances for the manufacture of the strainer "were not adapted to manufacture a strainer conforming substantially to all the specifications and teachings of the Lynch patent as contained in the letters patent of said Lynch patent read to you in the evidence." This instruction though correct did not give proper effect to the rule that the scope of a patent is limited by the "claim." The purpose of the offered instructions was to inform the jury that the claim was controlling, and to give them in concrete and specific form the principles of law that should guide them in determining whether the strainer sold to the defendants for the purpose of manufacture was covered by the patent. It is therefore insisted that the trial court should have given the offered instructions, or if of the opinion that they were not proper in form, have prepared a correct instruction giving effect to the same principles of law. On the other hand, we are met by the contention of counsel for appellees that as the instructions given on the first trial were approved on the first appeal they became the law of the case, and the refusal of the trial court to give the offered instructions or others similar in effect was proper.

In view of the conclusion of the court we deem it unnecessary to determine whether the principle of law submitted in the offered instructions is correct or not, but will devote our attention to a consideration of the question whether the law of the case is controlling. The rule is that where the opinion on appeal becomes final, all questions raised or that might have been raised on that appeal must be regarded as settled, and where instructions that were given on the trial were before the court, and not criticized, they are tacitly approved and become the law of the case, which the trial court can neither modify nor depart from in succeeding trials. Louisville & A. R. Co. v. Cox's Admr., 137 Ky. 388, 125 S. W. 1056. Counsel for appellants take the position that the rule is

not controlling in this case because the instructions offered on the second trial were not offered on the first trial, and the question was one that could not have been raised on the first appeal. The argument is plausible and ably presented, but an examination of the authorities will disclose that the words "might have been raised" are not confined to questions that might have been raised on the record as presented, but include questions that might have been raised if proper steps had been taken on the trial. The case of Kentucky Traction & Terminal Company v. Downing's Admr., 159 Ky. 502, 167 S. W. 683, is directly in point. It was the second appeal, and the defendant complained of the refusal of the court on the second trial to give an instruction which he had not offered on the first trial, and which had not been considered by this court on the first appeal. In disposing of the question the court said: "This contention is likewise foreclosed by the opinion upon the former appeal. The instructions are based upon the law and the evidence; and the evidence upon the second trial was the same as upon the first. Hence, appellant having failed to ask this instruction upon the first trial and to complain of the failure of the court to give it, when the case was here upon the former appeal, it will not now be heard to complain of the failure of the circuit court to give such instruction upon the second trial." In the late case of Muth v. Nunnelley, Admr., 202 Ky. 402, 259 S. W. 1011, the question was again considered, and the court, after quoting with approval the above language from Kentucky Traction & Terminal Company v. Downing's Admr., *supra*, again announced the rule that where a party on the first trial of an action fails to ask for an instruction and fails on the first appeal to complain of the court's failure to give it, he will not be heard to complain of the refusal of the trial court to give such an instruction on the second trial if the pleadings and evidence are the same. Not only is this the settled law, but it serves to effectuate the "law of the case" rule, which was adopted for the purpose of putting an end to litigation; for, manifestly, if a litigant, after the instructions given on the first trial have been approved on appeal, may complain of the trial court's refusal to give another instruction on the second trial on the ground that it was not offered on the first trial, and procure a reversal therefor, there is no reason why he may not pursue the same tactics on

the third and other subsequent trials, and thereby prolong the litigation indefinitely. We are, therefore, constrained to hold that the trial court did not err in refusing the offered instructions, or in failing to prepare and give other instructions of like effect but more correct in form.

Judgment affirmed. Whole court sitting.