## Metropolitan Life Insurance Company v. Penick.

(Decided January 22, 1929.)

WILBUR K. MILLER, FLOYD J. LASWELL and LEROY A. LINCOLN for appellant.

E. B. ANDERSON and O. L. FOWLER for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

Ida B. Penick sued the Metropolitan Life Insurance Company upon a policy of insurance issued by the com-

pany upon the life of her husband in which she was the designated beneficiary. Defense was interposed on the ground that the policy was procured by fraud and misrepresentation on the part of the insured in making false answers to various questions propounded in the written application, which was attached to the policy. On the first trial of the case, at the conclusion of the evidence for the plaintiff, a peremptory instruction to find for the defendant was given to the jury. Upon appeal to this court the judgment was reversed. 220 Ky. 626, 295 S. W. 900. A new trial resulted in a judgment for plaintiff, and the company has appealed, insisting that it was entitled to a peremptory instruction, that the verdict is flagrantly against the evidence, and that the second instruction was erroneous.

■ The argument in support of the motion for a peremptory instruction is that this court, in its former opinion, announced an unsound doctrine when it declared that the beneficiary should be permitted to offer evidence of facts and circumstances which tended to show that the diagnosis of the doctor was incorrect, and that such evidence made a question for the jury to determine. It is said that the question is not whether the diagnosis was correct, but whether it was in fact made. We are not at liberty to re-examine that question, as the opinion on the former appeal constitutes the law of the case and binds not only the circuit court, but this court as well. Consolidated Coal Co. v. Moore, 179 Ky. 293, 200 S. W. 458; Sowders v. Coleman, 223 Ky. 633, 4 S. W. (2d) 731.

It is further contended that the evidence offered on the second trial differed from that heard on the first, and did not furnish any material contradiction of the testimony of the doctor. Our examination of the evidence leads to a different conclusion. The witnesses were not the same, but the facts proven were not materially different. The jury was warranted in finding from the evidence the essential facts indicated in the former opinion as constituting a contradiction of the testimony of the doctor. The criticisms of the testimony made by counsel are addressed to the credibility of the evidence, and that is a question peculiarly for the jury. Himlar Coal Co. v. Kirk, 224 Ky. 383, 6 S. W. (2d) 480. Its tendency to prove the ultimate facts is clear, and its sufficiency for that purpose was established by the verdict.

■ The finding of the jury is not flagrantly against the evidence. If the facts which plaintiff's evidence

tended to prove be accepted as true, the verdict of the jury was justified. It is only when positive testimony on a decisive issue is disregarded or discredited by the jury without apparent reason or countervailing facts that the court will order a new trial on that ground. Newport News & Miss. Valley Co. v. Mitchell, 33 S. W. 622, 17 Ky. Law Rep. 1086; Chesapeake & O. Ry. Co. v. Johnson, 151 Ky. 809, 152 S. W. 962; Wells v. Payne, 141 Ky. 578, 133 S. W. 575.

■ The attack on the second instruction is predicated upon a misapprehension of its meaning. It is said that the gist of the misrepresentation relied upon by appellant was the statement that Dr. McKinney was the physician who last attended the applicant. It is then argued that the vital word upon which the significance of the answer depended was omitted from the instruction. But such is not the fact. Instruction No. 2 was as follows:

"II. In making the application for the insurance to defendant company, and upon which application the policy sued on was issued, the insured, Moses P. Penick, made the following statements:

"(1) I have never had disease of heart.

"(2) I am in sound health.

"(3) Dr. McKinney is the name of the physician who last attended me, and this was in 1901, and then I had slow fever.

"(4) I have not been under the care of any physician within two years prior to April 1, 1921, and have stated every case when I have consulted or received treatment from a doctor at his office or elsewhere.

"Now if you believe from the evidence that all or any one of said statements were substantially untrue to the best of the knowledge and belief of the applicant, Moses P. Penick, and if you further believe from the evidence that according to the course of business usually followed by Life Insurance Companies similar to the defendant and engaged in insuring the lives of persons, the defendant acting reasonably and naturally would not have accepted such application nor have issued the policy sued on if the truth to the best of the knowledge and belief of the applicant, Moses P. Penick, had been stated in the application, then you will find for the defendant."

It was not subject to the criticism leveled against it. The instructions were carefully prepared and conformed to principles often approved by this court. Yeomen of America v. Rott, 145 Ky. 604, 140 S. W. 1018; United States Casualty Co. v. Campbell, 148 Ky. 554, 146 S. W. 1121; Columbia Life Ins. Co. v. Tousey, 152 Ky. 447, 153 S. W. 767; National Protective Legion v. Allphin, 141 Ky. 777, 133 S. W. 788.

We perceive no error in the record prejudicial to the appellant. The appellee has taken a cross-appeal to review a ruling rejecting evidence offered by her; but in view of our conclusion on the main appeal it is not necessary to pass upon the question raised by the cross-appeal.

Judgment affirmed.