## New York Life Insurance Company v. Long.

(Decided December 20, 1929.)

BRUCE & BULLITT, WM. MARSHALL BULLITT and LEO T. WOLFORD for appellant.

SELDEN Y. TRIMBLE and COLEMAN TAYLOR for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

We have reached the concluding chapter in a controversy that has vexed the courts for over nineteen years. Diana B. Long, on December 7, 1910, sued the New York Life Insurance Company upon a policy of life insurance issued on March 5, 1910, to Anthony F. Long, son of Diana B. Long, in which she was designated as the beneficiary. The plaintiff recovered a judgment, but it was reversed by this court upon the ground that the trial court committed an error in refusing to permit the filing of an amended answer which set up certain statutes of the State of Wyoming. 177 Ky. 445, 197 S. W. 948. When the mandate of this court was filed in the circuit court, the amended answer was filed and a second judgment was rendered in favor of the plaintiff. A second appeal was taken, upon which the sole question presented was whether the circuit court had correctly construed the Wyoming statute so as to exclude as evidence the application for the policy when it was not attached thereto. The conclusion was reached that the lower court had erred in that particular, and the second judgment was reversed. 193 Ky. 19, 234 S. W. 735. The case was again tried and again resulted in favor of the plaintiff. On the third appeal this court dealt with four contentions: (1) The refusal of the trial court to grant a peremptory instruction; (2) the competency of certain evidence; (3) erroneous instructions given; and (4) correct instructions requested, but refused. Issue had been made upon the materiality of certain false answers to questions contained in the application for the insurance. The proof showed without contradiction that some statements in the application were false, but plaintiff endeavored to avoid the effect thereof by showing that the representations were not material because defendant, "acting reasonably and naturally according to the practice usually adopted by a life insurance company in the course of its business," would have accepted the risk and issued the policy if it had known the truth. It was held that a certain solicitor of insurance did not qualify as an expert upon the vital question, which rendered his

testimony incompetent and left plaintiff without any competent evidence upon that question. The court also held upon that appeal that the instructions were erroneous in certain respects, and that an instruction offered by the defendant should have been given. The judgment was reversed for a new trial in accordance with the opinion. 199 Ky. 133, 250 S. W. 812. The plaintiff again won in the circuit court, and the insurance company again appealed, resulting in a reversal for the fourth time. 211 Ky. 656, 277 S. W. 978. That reversal was based solely upon the form of the hypothetical question which had been submitted to the expert witnesses. The defect in that question was the omission of certain important evidence covering the period of time between the fall of 1909, when the insured went to Wyoming to live, and March 6, 1910, when he made application for the insurance. Appellant introduced evidence to show that during January and February, and up to March 6, 1910, Long was using intoxicants in moderation, and it was held that this evidence was material and should have been embraced in the hypothetical question submitted to the witnesses. It was expressly held that the physicians who testified in answer to the hypothetical question were qualified experts upon that question, so that the only question left open was the formulation of the hypothetical question so as to embrace all the material facts shown, and, when that was done, the testimony would be competent. On the last trial the hypothetical question was formed in exact accordance with the opinion of this court on the last appeal, and the witnesses answered the questions substantially as they had before answered them. The jury again returned a verdict for the plaintiff, and the present appeal has been prosecuted from the judgment upon that verdict.

Four points are now insisted upon as grounds for reversal: (1) That the court erred in refusing to give the jury a peremptory instruction; (2) that there was no competent testimony to the effect that the misrepresentations made in the application were not material; (3) that the instruction given was erroneous because it submitted to the jury whether the misrepresentations were false; and (4) refusal to give the jury an offered instruction. It is apparent from the recital of the history of the case that all these questions are concluded by the opinions of this court upon the previous appeals. The argument for

the peremptory instruction is that the evidence showed without contradiction that the statements made in the application were false, and that the testimony for the insurance company established that they were material; but these questions were considered and disposed of on the former appeals. It was held that there was an issue as to the materiality of the misrepresentations, and, if competent evidence was produced by the plaintiff upon that question, it was for the jury. Such evidence was produced on the last trial by witnesses already held to be competent for that purpose, and the argument predicated upon the assumption that they were not so qualified is in opposition to the opinion of this court on the fourth appeal.

The argument that the hypothetical question was defective, in that it did not reflect the true state of facts in evidence, fails to appreciate the ruling of this court which indicated what the question was to embrace. The third point, to the effect that the instructions left to the jury the falsity of certain misrepresentations, which were admittedly untrue, is answered by the fact that these very instructions were approved by this court. The whole issue to be tried was the materiality, and not the falsity, of the answers to the questions, and it was submitted in accordance with the previous decisions, and can no longer be the subject of debate. We have not overlooked the argument of appellant addressed to the effect of the answers of the expert witnesses to the hypothetical questions as to the materiality of the misrepresentations. They testified to the belief, from the facts assumed in the question, that the particular policy in suit would have been issued, and not merely that some other policy predicated upon a different premium would have been issued. The testimony, in its entirety, is not susceptible to the narrow construction put upon it for the purpose of the argument.

The fourth point is introduced for the first time, but it is equally foreclosed by the inflexible rule of the law of the case. At the last trial the insurance company offered an instruction to the effect that, if the false representations were made with a knowledge of their falsity, or with the intention to deceive or mislead, the jury should find for the defendant. That instruction was not offered in the previous trials, but it is nevertheless not available. It has been held uniformly that, where the facts are not

materially different, there is no room for additional instructions. The law of the case requires that all questions lurking in the record must be raised upon the appeal and may not be raised thereafter. It applies to instructions not offered, but which might have been offered, on the earlier trials. Pickrell v. Wilson, 217 Ky. 430, 289 S. W. 1100; Muth v. Nunnelley, 202 Ky. 402, 259 S. W. 1011; Ky. Traction & Terminal Co. v. Downing's Adm'r, 159 Ky. 502, 167 S. W. 683; L. & N. R. Co. v. Rowland's Adm'r, 227 Ky. 851, 14 S. W. (2d) 174; Metropolitan Life Ins. Co. v. Penick, 227 Ky. 490, 13 S. W. (2d) 496.

After nineteen years of stubborn litigation, seven jury trials, and five appeals to this court, we find that there has been, at last, a fair trial, which satisfies the law and leaves the parties without just ground for complaint.

The judgment is affirmed.