## Vincennes Bridge Company et al. v. Poulos.

(Decided May 6, 1930.)

J. W. CRAFT and SEYMOUR RIDDLE for appellants.

W. A. STANFILL for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

The Vincennes Bridge Company had a contract to reconstruct the highway bridge in Hazard, Ky. The abutment on the northerly side of the river was in close proximity to a four-story brick building owned by Anastasia Poulos. The building was seventy-two feet long, abutting on the bridge. In order to perform its contract, the bridge company was compelled to remove portions of the old piers, which required considerable blasting with high explosives. An action was instituted by Mrs. Poulos against the bridge company and its foreman to recover damages for injuries to her building and to her business carried on in the building, which was caused, as she averred, by the blasting operations. She recovered substantial damages, but an appeal to this court resulted in a reversal of the judgment. Vincennes Bridge Co. v. Poulos, 228 Ky. 446, 15 S. W. (2d) 271. The reversal was rested upon the refusal of the trial court to grant a continuance requested by the bridge company. It was held, however, that certain testimony should not be admitted on another trial, and that there was no merit in the criticism of the instructions given, or in the contention that a peremptory instruction was improperly refused. Upon return of the case to the circuit court it was again tried, resulting in a verdict in favor of the plaintiff for $6,000, of which $5,000 was for damages to the building, and $1,000 for damage to the

business. The bridge company again appeals, insisting that it was entitled to a peremptory instruction, that the verdict was flagrantly against the evidence, that incompetent evidence was admitted, and that offered instructions were improperly rejected.

It is argued that the judgment of the court on the previous appeal, respecting the request for a peremptory instruction, is not conclusive on the present record because of a material difference in the evidence adduced upon the two trials. The witnesses on the last trial were not exactly the same ones introduced at the first trial, but the substance and effect of the testimony are the same. In the former opinion the court referred to the testimony of an engineer and architect, respecting the sagging of a girder resting on the center pier of the building. That witness was not introduced, but there was other testimony to the same effect. At least two witnesses testified that the center pier of the building had subsided some several inches. Indeed, it was the contention of the defendant that the sole cause of the injury to the building was the subsidence of the center pier caused by its insufficient strength. It is said that a flood in May, 1927, had carried considerable mud into the building and greatly overloaded the support, thus causing the subsidence. The evidence for the plaintiff, however, tended to show that the sagging was caused by the vibration of the building as a result of the blasting. The new witnesses introduced did not testify to different facts, or describe a different situation. The facts proven by the engineer were produced through other witnesses, tending to induce the same conclusion of fact that must have been derived from his testimony at the former trial. The "law of the case" doctrine prevails, unless the facts are materially different, and it is not affected by the fact that different or additional witnesses may be introduced. L. & N. R. Co. v. Rowland, 227 Ky. 841, 14 S. W. (2d) 174. Apart from this consideration, it is quite apparent from the record that there was abundant evidence to sustain the plaintiff's theory of the case and to require its submission to the jury.

The evidence for the defendant tended to show that the blasting did no harm to the building, except the breaking of some plate glass windows, which had been repaired by it. It also tended to show that the other damage to

246

the building was caused by faulty construction and the effect of the May flood. Proceeding upon the hypothesis that the evidence produced two theories to account for the injury, one of which would fasten liability upon the defendants, whilst the other would exonerate them, it is argued that a peremptory instruction should have been given for the defendant. L. & N. R. Co. v. Guest, 106 S. W. 817, 32 Ky. Law Rep. 670; Cochran v. Krause, 144 Ky. 202, 137 S. W. 1053; McDonald v. Louisville Car Wheel & Supply Co., 149 Ky. 801, 149 S. W. 1142. But the argument is predicated and proceeds upon a misapprehension of the facts, and a misapplication of the law. It has been held in a long line of negligence cases that where the plaintiff's own evidence fails to show with reasonable certainty the cause of the injury, but supports with equal plausibility an inference of negligence and an inference of innocence, the presumption favors the latter, and entitles the defendant to a peremptory instruction. John R. Coppin Co. v. Richards, 191 Ky. 720, 231 S. W. 229; Louisville Gas Co. v. Kaufman & Co., 105 Ky. 131, 48 S. W. 434, 20 Ky. Law Rep. 1069; Johnson v. M. & O. R. Co., 178 Ky. 113, 198 S. W. 538; Hearell v. I. C. R. Co., 185 Ky. 41, 213 S. W. 561; L. & N. R. Co. v. Payne's Adm'r, 177 Ky. 465, 197 S. W. 928, L. R. A. 1918C, 376; Bingham v. Continental Casualty Co., 219 Ky. 501, 293 S. W. 968; Gregory's Adm'x v. Director General, 195 Ky. 293, 242 S. W. 373; Bingham v. Lexington & E. Ry. Co., 185 Ky. 48, 213 S. W. 204; C. & O. R. Co. v. Rogers, 193 Ky. 578, 237 S. W. 18. The reason for the rule is that negligence will not be presumed, and, if the plaintiff's own evidence is equally consistent with the existence or nonexistence of negligence, the presumption prevails in favor of innocent rather than of wrongful conduct. But that rule has no application when the conflicting theories do not arise from the plaintiff's evidence, but the one indicating no negligence is deduced from the evidence introduced by the defendant. Sims v. C. & O. Ry. Co., 140 Ky. 241, 130 S. W. 1081; Caledonian Ins. Co. v. Naifeh, 229 Ky. 293, 16 S. W. (2d) 1046; Lack Malleable Iron Co. v. Graham, 147 Ky. 161, 143 S. W. 1016. The distinction is a substantial one based upon fundamental principles, and, while it is not always noted with precision in the opinions referring thereto, it is invariably maintained in the decisions applying it. The question

presented in cases of this character is one of conflict in the evidence, the solution of which depends upon which theory is found by the jury to be the true one. The jury is not permitted to speculate or guess away the defendant's rights, but it is charged with the responsibility of finding whether the plaintiff's theory or his adversary's defense is established by the evidence. Ætna Life Ins. Co. v. Milward, 118 Ky. 721, 82 S. W. 364, 26 Ky. Law Rep. 589, 68 L. R. A. 285, 4 Ann. Cas. 1092.

It is insisted that the verdict of the jury is flagrantly against the evidence, but the contention is lacking in merit. There was positive evidence to support the verdict of the jury. It is true the defendant introduced evidence tending strongly to show that its theory of the case was correct, but that produced merely a conflict in the evidence, depending at last upon the credibility of the witnesses, and the deductions which the jury might draw from the facts and circumstances. The building and business of appellee were undoubtedly injured, and the responsibility for it was upon the defendants, if the evidence for the plaintiff was believed. The verdict of a properly instructed jury can be set aside only when it is flagrantly against the weight of the evidence. L. & N. R. Co. v. Rowland's Adm'r, 227 Ky. 841, 14 S. W. (2d) 174; L. & N. R. Co. v. Curtis' Adm'r, 233 Ky. 276, 25 S. W. (2d) 398.

It is also insisted that the court erred in permitting incompetent evidence to be introduced. One witness testified that he was working for the bridge company assisting in the blasting operations. The foreman was Charles Myers. He testified that when Mr. Poulos, husband of the appellee, made complaint to Mr. Myers he responded with a profane remark indicating indifference to the fate of Poulos. The court overruled an objection to the testimony. The witness then testified that Myers and the men he had in charge made the statement mentioned. The defendant moved to exclude the testimony. The court ruled that what Myers said was competent, but what the others said was not competent, and the jury was admonished accordingly. It is now insisted that the statements of Myers were incompetent, and the former opinion is relied upon to sustain the contention. The testimony condemned by the former opinion referred to the remarks and conduct of the laborers. It

will be found from that opinion that Poulos was properly permitted to testify respecting complaints made to the foreman in reference to the injuries, but without avail. Certainly the fact that notice of the damage was brought home to the foreman as the work progressed and his response and attitude in regard thereto were proper circumstances to be proven in the development of the case. What Myers said was a part of the transaction, and necessary to an understanding of what he did, or failed to do about it. The statements of an authorized agent or foreman in the conduct of a business, and within the scope of his authority, are admissible in evidence against his principal. C. N. O. & T. P. R. Co. v. Evans, 129 Ky. 152, 110 S. W. 844, 33 Ky. Law Rep. 596; Paducah Hosiery Mills v. Proctor, etc., 210 Ky. 806, 276 S. W. 803; Peyton v. Old Woolen Mills Co., 122 Ky. 361, 91 S. W. 719, 28 Ky. Law Rep. 1303; Gray Tie Co. v. Clark, 98 S. W. 1000, 30 Ky. Law Rep. 409. The ruling of the court in the respect complained of was entirely correct.

It is finally insisted that the court erred in refusing to give an instruction offered by appellants. Substantially the same instruction was offered on the previous trial, and this court, in its opinion on the former appeal, expressly approved the instructions given. Thus they were made the law of the case, and it was not open to the defendant on another trial on substantially the same facts to obtain additional instructions. Even though the witnesses be different, where the facts are substantially the same there is no room for additional instructions. L. & N. R. Co. v. Rowland's Adm'r, 227 Ky. 841, 14 S. W. (2d) 174; Muth v. Nunnelley, 202 Ky. 402, 259 S. W. 1011; Pickrell v. Wilson, 217 Ky. 430, 289 S. W. 1100; Kentucky Traction & Terminal Co. v. Downing, 159 Ky. 502, 167 S. W. 683. It is contended that the instructions offered on the last trial were substantially and materially different from those offered by defendants on the first trial, but, if that be true, it is immaterial, since they are equally excluded by the prevailing rule of practice. The precise question was presented in the case of Pickrell v. Wilson, supra, and the court deliberately reaffirmed the principle stated. The law requires that all instructions desired by the defendant, or deemed appropriate to the case, shall be offered, and the approval upon appeal of a set of instructions excludes any additional instructions on the new trial, unless new issues or facts are intro-

duced on the second trial. The rule definitely applies to instructions not offered, but which might have been offered consistently with the facts in the record at the earlier trial. Metropolitan Life Ins. Co. v. Penick, 227 Ky. 490, 13 S. W. (2d) 496. But were the law otherwise, appellants would not be benefited, since the instructions given by the trial court limited the liability of defendants to injuries resulting solely from negligence. That ruling was more favorable to the appellants than the rule embodied in the instruction offered by them, which allowed recovery on a more liberal basis, and of that ruling appellants are not in a position to complain. L. & N. R. Co. v. Helm, 121 Ky. 645, 89 S. W. 709, 28 Ky. Law Rep. 603; L. & N. R. Co. v. Schroader (Ky.) 113 S. W. 874; Casey v. Hart Wallace & Co., 188 Ky. 441, 222 S. W. 111; R. B. Tyler Co. v. Kirby, 219 Ky. 389, 293 S. W. 155.

It is argued incidentally that the damages allowed for injury to the business of appellee were excessive. The point is based upon isolated statements of a witness to the effect that the blasting continued three weeks, and that the damage to the business was $30 per day. It is argued from those statements that the total damage could not have been as much as $1,000. But the proof is not susceptible to the narrow construction thus placed upon it. There is evidence tending to show that the damage to the business continued over a much greater period of time, and that even after the blasting ceased the injury to the business did not cease, but customers had to be regained, which took time. It was deducible from the evidence that the damage to the business was as much as $1,000, and in fixing that sum the jury did not go beyond the limits of the proof.

No error, prejudicial to the rights of appellants, is apparent in the record.

The judgment is affirmed.