## Eagle Fluorspar Company v. Larue.

(Decided February 6, 1931.)

J. W. BLUE, JR., and C. C. GRASSHAM for appellant.

C. S. NUNN and JOHN A. MOORE for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Affirming.

This is the second time the Eagle Fluorspar Company has appealed to this court for relief from a judgment in favor of Wallace J. Larue. The first appeal will be found in 231 Ky. 757, 21 S. W. (2d) 1026. Upon that appeal the judgment was reversed because the circuit court had commuted to a lump sum the payments of compensation awarded to Larue by the Workmen's Compensation Board without that board having first approved of the commutation of said award to a lump-sum payment.

The Workmen's Compensation Board had on December 4, 1928, approved the commutation of its award to a lump-sum payment, but such approved commutation was not manifested in the record upon the former appeal.

After the return of the case to the circuit court, Larue amended his petition and set out the action of the Workmen's Compensation Board approving such commutation. Thereupon the Eagle Fluorspar Company renewed an attack which had been made upon this claim previous to the first appeal, which attack was that at the time Larue received his injuries (December 6, 1926) the Eagle Fluorspar Company was not operating under the provisions of the Workmen's Compensation Act (Ky. St. secs. 4880-4987).

When Larue first made his application to the Workmen's Compensation Board for an adjustment of the compensation due him, notice thereof was given to the Eagle Fluorspar Company, and that would have been a proper time to have made this defense. But it did nothing. The Workmen's Compensation Board took juris-

diction and made an award which is the basis of this action.

The Eagle Fluorspar Company now is contending that as it had elected to not operate under the provisions of the Kentucky Workmen's Compensation Act, therefore the award made by the Workmen's Compensation Board is void because that board did not have jurisdiction.

An appropriate time to have asserted this defense was upon the former appeal, and it did, as will appear from this which is copied from its brief upon that appeal:

"The court will see, from reading the petition of Eagle Fluorspar Company, pages 13-20 of the record that it alleges that, at the time of the injury sustained by Larue, it was not operating under the provisions of the Workmen's Compensation Act, and the Board had no jurisdiction to make an award in reference to said injuries; and that said award sued on in the Circuit Court was void, and it sets up facts showing that the Board acted without authority."

This court upon that appeal did not expressly decide that question, and the Eagle Fluorspar Company filed no petition in this court asking that the former opinion be extended or modified so as to dispose of that question and it is asking now what it should have asked then, and wants this court now to say the action of the Workmen's Compensation Board was void. In other words, its briefs on this appeal practically amount to a petition for a rehearing or the extension of the former opinion. Larue did file a petition for rehearing on the former appeal, and on December 17, 1929, the Fluorspar Company filed a response to it consisting of 10 printed lines, wherein it seemed entirely satisfied with the opinion as rendered and sought to have Larue's petition for rehearing overruled.

The rule is well settled in this state that every question presented upon an appeal and not expressly decided will be treated as conclusively settled upon subsequent appeals. Cases cannot be tried piecemeal. See Farmers' Bank & Trust Co. v. Stanley, 190 Ky. 762, 228 S. W. 691. New York Life Ins. Co. v. Long, 235 Ky. 806, 32 S. W. (2d) 403.

In view of what we did in those cases and what we have done in a number of others, there is no other course open now except to affirm this judgment, and it is so ordered