## Middlesboro Coca Cola Bottling Works v. Ball.
(Decided Jan. 14, 1936.)

W. T. DAVIS for appellant.

LOGAN E. PATTERSON for appellee.

OPINION OF THE COURT BY JUDGE REES—Reversing.

The appellee, Gladys Ball, who was the plaintiff

below, recovered a judgment for $1,034 against the Middlesboro Coca Cola Bottling Works, and a reversal of the judgment is sought on the grounds that the verdict is excessive and that the court erred in its instructions to the jury.

Briefly stated, the facts are these: On the morning of August 16, 1934, appellee purchased a bottle of Coca Cola from Mrs. Lester Idol, who operated a grocery store in Middlesboro. She drank a portion of the contents of the bottle, and became violently ill. She vomited, and the mucous membrane of her mouth and throat were severely burned. On the following day she visited a physician who treated her for several days, and on August 31, 1934, she went to a second physician for treatment. Her last visit to a physican was on September 11, 1934. Both of the physicians testified that the burns were severe and necessarily painful. Appellee delivered to Dr. J. C. Carr the bottle from which she drank, and Dr. Carr delivered it to a chemist with directions to analyze its liquid contents. The chemist reported that the liquid contained 13.75 per cent. by weight of sodium oxide in the form of sodium hydrate, equal to 17.75 per cent. by weight of caustic soda. The appellant proved by its witnesses that its bottling plant was equipped with the best machinery available for cleaning and filling bottles, and that it was operated by competent and experienced workmen. Before the bottles are filled, they are cleaned and inspected. The empty bottles are first run through a washing machine on a chain conveyer and soaked in a caustic soda solution. They are then run through a rinser and inspected. After inspection, they are carried by the chain conveyer to the bottling machine, where they are filled with syrup and carbonated water. The evidence satisfactorily shows that the bottle from which appellee drank was delivered to Mrs. Idol by appellant, and had not been tampered with after leaving appellant's bottling plant. There is no contention that the evidence is insufficient to authorize the submission of the question of appellant's liability.

Passing for the present appellant's claim that the verdict is excessive, it is contended that instructions 1 and 2 are prejudicially erroneous. We find no merit in the contention as to instruction 1. It is conceded that this instruction for the most part follows substantially the instruction directed by this court to be given in

Nehi Bottling Co. v. Thomas, 236 Ky. 684, 33 S. W. (2d) 701; but it is argued that the court erroneously included the following clause, which is not found in the instruction directed to be given in the Nehi Bottling Company Case:

"* * * And that plaintiff was injured from drinking said beverage and caustic soda and suffered pain and mental anguish therefrom, and incurred physicians bills as a consequence thereof, and was physically injured, therefrom. * * *"

The objection to this clause seems to be that it places undue emphasis on the physical injury of appellee, but we can conceive of no prejudicial effect it could have produced merely because the appellee's physical injury was referred to twice.

Instruction No. 2 presents a more serious question. It reads:

"If you should find for the plaintiff, you will award her such a sum in damages as you shall believe, from the evidence, will reasonably compensate her for the physical injury, which you shall believe that she suffered, for the pain and mental anguish which you shall believe that she endured as a result of her injuries, and for the physicians bills which she necessarily incurred as a direct result of her injuries; provided, that in no event shall you award a sum for injuries, pain, and mental anguish in excess of $5,000.00 and you shall award no sum for physicians bills in excess of $34.00."

There was no evidence tending to show that appellee's injuries were permanent. On the contrary, the evidence shows conclusivly that her injuries were temporary and that she has wholly recovered. The only elements of damage properly submissible to the jury under the evidence were the physical pain and mental anguish endured by appellee as the result of her injuries and the expenses incurred by her for medical services. It will be noted that the instruction submits another element, in that it authorizes the jury to award her such a sum in damages as they shall believe will compensate her for the physical injury. In limiting the amount which the jury could award her, the instruction specified the elements of damage as injuries, pain, mental anguish, and physicians' bills. Thus, the jury were author-

ized to infer that they could award damages to appellee in addition to the amount of the physicians' bills, and the amount which they believed from the evidence would compensate her for the physical suffering and mental anguish which she had endured as the result of her injuries.

In Louisville & N. R. Co. v. Hall, 115 Ky. 567, 74 S. W. 280, 283, 24 Ky. Law Rep. 2487, it was said:

"This court has frequently announced, in actions for personal injuries where death does not ensue, that compensatory damages were confined to the expense of cure, value of time lost, and fair compensation for physical and mental suffering caused by the injury, and for any permanent reduction of the power to earn money."

Instruction No. 2 in the instant case was, in effect, though incorrect in form, an instruction on permanent injuries. As heretofore pointed out, an instruction based on the theory that appellee's injuries were permanent and that her power to earn money had been permanently impaired was not warranted by the evidence.

In Nashville, C. & St. L. R. Co. v. Banks, 156 Ky. 609, 161 S. W. 554, 555, the instruction on the measure of damages read:

"If you find for the plaintiff, you will assess in his favor such sum in damages as you may believe from the evidence in this case will fairly and reasonably compensate him for injuries to his person; for loss of time occasioned on account of said injuries, if any, not exceeding $600; for physical and mental suffering, if any of either, on account of said injuries, and for any permanent injury to him lessening his power to earn money, but in all not exceeding the amount claimed in the petition, to wit: $100,000."

In holding that this instruction was erroneous the court said:

"The words 'for injuries to his person' should have been omitted from instruction 3. What would compensate a man for losing both of his hands is too uncertain to be submitted to a jury. We have often laid down the measure of damages in this class of

cases, and have uniformly condemned such expressions as this in instructions."

We have uniformly held that in cases like this compensatory damages are confined to the expense of cure, value of time lost, fair compensation for physical and mental suffering caused by the injury, and for any permanent reduction of the power to earn money, and the instruction on the measure of damages should confine the jury to the consideration of such of these elements of damage as are proved. Louisville & N. R. Co. v. Hall, supra; Louisville, C. & L. R. Co. v. Case's Adm'r, 9 Bush (72 Ky.) 728; Paducah Traction Co. v. Burradell, 104 S. W. 709, 31 Ky. Law Rep. 1052; Louisville & N. R. Co. v. Logsdon, 114 Ky. 746, 71 S. W. 905, 24 Ky. Law Rep. 1566; W. A. Wickliffe Coal Co. v. Ryan, 241 Ky. 537, 44 S. W. (2d) 525.

In Louisville & N. R. Co. v. Farris, 100 S. W. 870, 871, 30 Ky. Law Rep. 1193, the jury were told in instruction No. 1 to find for the plaintiff "such an amount in damages against the defendant as will reasonably compensate him for the injury, including any suffering he endured, if any, not exceeding the sum of $2,000," and this court said:

"Instruction 1 is, however, erroneous, in not properly stating to the jury the measure of damages. There was no allegation in the petition of loss of time or expense in cure, and the evidence did not show any permanent impairment of the plaintiff's power to earn money."

It is true that in many of the cases heretofore cited there was evidence that the plaintiffs' injuries were permanent, and it was held that an expression in the instruction on the measure of damages, similar to the one criticized in instruction No. 2 in the instant case, authorized double damages where the instruction also told the jury to find for plaintiff such a sum as they believed from the evidence would fairly compensate him for the permanent impairment of his power to earn money. Such an expression, however, is equally prejudicial in a case where the injury is not permanent, since it authorizes the jury to consider an element of damage not involved.

Appellee cites and relies upon the case of Louisville R. Co. v. Blum, 89 S. W. 186, 28 Ky. Law Rep. 253, in

which a somewhat similar instruction was given and the judgment was affirmed. As pointed out in the opinion in that case, however, the damages awarded were comparatively small, in view of the character of plaintiff's injuries and his mental and physical sufferings, and were clearly only compensatory.

In view of our conclusion that the judgment must be reversed on the ground that instruction 2 was erroneous, it is unnecessary to determine whether or not the damages are excessive. They are, at least, substantial, and it cannot be said the jury, in fixing the amount, were not influenced by the error in the instruction.

Judgment is reversed, with directions to grant appellant a new trial, and for further proceedings consistent herewith.