## Ball v. Middlesboro Coca-Cola Bottling Works, Inc.

(Decided Dec. 1, 1936.)

LOGAN E. PATTERSON for appellant.

W. T. DAVIS for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER—
Affirming.

This is the second appeal of this case. In an opinion rendered on former appeal and reported in 262 Ky. 101, 89 S. W. (2d) 875, will be found a statement of the facts and circumstances out of which the litigation grew and also a statement of the substance of so much of the evidence introduced on the former trial as was necessary to an understanding of the issues made by the evidence and to a determination of the appeal.

The judgment was reversed because of error in instruction No. 2 fixing the measure of damages in that it authorized recovery for "physical injuries" which the jury might believe that appellee there and appellant here had suffered in addition to such sum as the jury might believe would compensate her for pain and mental anguish endured as a result of her injuries and for physician's bills which she necessarily incurred as a direct result of her injuries, not to exceed the sum stated in the instructions. The reason for such holding was that the criticized portion of the instruction permitted recovery for permanent injury when no such injury was shown by evidence.

The second trial resulted in a verdict and judgment for plaintiff in the sum of $400 and she is appealing.

The only ground urged for reversal is that instruction No. 2 given by the court fixing the measure of dam-

ages is erroneous and prejudicial because it did not allow recovery for any mental and physical suffering which appellant might endure in addition to what she had endured and which was embodied in an instruction offered by her. Instruction No. 2 given on the former trial was offered by appellant and instruction No. 2 given on the last trial is identical with that instruction with the portion authorizing recovery for permanent injury and which came under the condemnation of the court in the former opinion eliminated. The evidence offered on the last trial is in all material respects the same as that offered on the former, there being no additional evidence to warrant an instruction authorizing a finding for future pain or suffering.

To combat appellant's contention, appellee is invoking the doctrine of "the law of the case," but appellant argues that that doctrine has no application here and cites and relies on the case of Smith v. Bogenschultz, 19 S. W. 667, 20 S. W. 390, 14 Ky. Law Rep. .305, wherein it was held in effect that where an appellee is satisfied with the lower court's judgment and has prosecuted no cross-appeal, he is not required to make any objections to the ruling of the trial court; therefore reversal and a new trial which results in a judgment unfavorable to him and from which he appeals are not res judicata as to questions which could have been made by him on the first appeal had he been the appellant or had he taken a cross-appeal. It is obvious, however, that this case presents an entirely different situation, and in the circumstances the case cited and relied on by appellant is not in point.

The doctrine of "the law of the case" is grounded in a public policy that litigation should be ended as speedily as is consistent with an orderly administration of justice, an end that cannot be obtained if the litigant is permitted to present or have a cause heard by piecemeal. As aforementioned, the instruction on the measure of damages for pain and suffering which was given on the first trial and which was followed in the second was offered by appellant and was before this court on former appeal and tacitly at least approved respecting the measure of damages in that particular. It is a rule of universal application that on a second appeal appellant will not be heard to complain of an instruction given at his request on a former trial and upon sub-

stantially the same evidence. New Bell Jellico Coal Co. v. Sowders, 162 Ky. 443, 172 S. W. 914.

In Pickrell v. Wilson, 217 Ky. 430, 289 S. W. 1100, 1102, it is said:

"The rule is that, where the opinion on appeal becomes final, all questions raised, or that might have been raised, on that appeal must be regarded as settled, 'and, where instructions that were given on the trial were before the court, and not criticized, they are tacitly approved, and become the law of the case, which the trial court can neither modify or depart from in succeeding trials."

For other cases directly in point or bearing close analogy see Kentucky Traction & Terminal Company v. Downing's Adm'r, 159 Ky. 502, 167 S. W. 683; Muth v. Nunnelley, Adm'r, 202 Ky. 402, 259 S. W. 1011; New York Life Ins. Co. v. Long, 235 Ky. 806, 32 S. W. (2d) 403, and cases cited in those opinions.

From the foregoing it is apparent that the court did not err in giving the instruction on the measure of damages for pain and suffering that was offered by appellant on the former trial and tacitly approved by this court on appeal, since no new issues of fact were made by the evidence on the last trial.

Judgment affirmed.