## Andonique v. Carmen.

(Decided January 14, 1915.)

### Appeal from Jefferson Circuit Court
### (Common Pleas, No. 2.)

1. Landlord and Tenant—Defect in Premises—Action by Tenant for Personal Injuries.—In a suit by a tenant to recover of the landlord for personal injuries sustained by falling through a floor, occasioned by rotten joists, the defect was a latent one and the law did not impose upon the tenant the duty of tearing up the floor to inspect the same. Her duty was a reasonable inspection, such as ordinarily prudent persons would make under similar circumstances.

2. Instructions.—The mere circumstance that an instruction, although a proper one, was not given on the first trial, and, therefore, not considered and approved by this court on appeal, does not of itself preclude the giving of it on a second trial.

3. Personal Injuries—In a suit to recover for personal injury, the financial circumstances of either party is not a matter for consideration, and it was not error to refuse to admit evidence of the financial ability of the injured party to endure the loss.

BURWELL K. MARSHALL and JOHN L. WOODBURY for appellant.

GORDON & LAURENT and J. L. RICHARDSON for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

The appellee was a tenant of appellant, who was a non-resident. The Fidelity Trust Company was local agent of appellant. The trust company made the lease contract and collected the rents. While in a privy on the premises, the floor gave way and appellee was plunged into the vault, 10 or 12 feet deep. She was messed from head to foot with fecal matter; her person was bruised and her spine permanently injured. She was confined to bed for four weeks, and is still unable to do housework. She recovered $1,999.99, the amount prayed for. This is the second trial. She recovered the same amount at the first trial, but, on appeal, the judgment was reversed. 151 Ky., 249.

Evidence on the two trials was substantially the same, so that there is nothing to add to the statement of facts given in the former opinion.

The case was reversed for error in instructions. The second trial, which we are now considering, conformed to the opinion, and the court gave the instructions therein directed. Appellant insists that the court should have given a peremptory instruction because the appellee testified she made no inspection of the floor of the privy. We believe the appellant misconceives her testimony. She did not tear up the floor to inspect the rotten joists, and the law does not impose any such duty upon her. The defect in the joists was a latent one. The floor covering was sound. In the nature of things, she was at the privy daily during the six months of her tenancy, and, as she says, she scrubbed and washed the floor frequently with her own hands, and never discovered the defect. These facts constitute such a reasonable inspection as an ordinarily prudent person would make under similar circumstances, and are such facts as to justify a submission of the question to the jury as to whether the defect should have been discovered. It does not meet the case to say that her opportunities were as good as appellant's to discover the latent defect. There was proof to show that appellant's agent had actual notice of the particular defect, and that requests for repairs or reconstruction were made by the tenant who occupied the premises just preceding the appellee. These facts of notice eliminate from the case any question of appellant's opportunity for discovering the defect.

In addition to giving the instructions directed in the former opinion the court gave this instruction:

"If notice was given in this case to N. R. Kinser, cashier of the Fidelity Trust Company, such as is set out and defined in instruction No. 2, such notice was notice to the Fidelity Trust Company."

Appellant does not complain that this was an erroneous statement of the law, but insists that the former opinion is the law of the case, and that the giving of the instruction quoted was error, because it was not given on the former trial, and there was no direction for it in the opinion. This instruction does not fall within the rule which condemns instructions that give undue prominence to any particular state of facts. In truth, the prime question in the case was whether appellant's agent, a corporation, had notice of the latent defect. Appellee's proof showed that notice was given by the former tenant to Mr. Kinser, who was cashier of the corporate agent, and collector of the rents. Whether notice to the corporation's agent was notice to the corporation is a question of law for the court. The matter of fact for the jury's decision was whether this notice was, in fact, given to the corporation's agent. The mere circumstance that an instruction, although a proper one, was not given on the first trial, and, therefore, not considered and approved by this court on appeal, does not of itself preclude the giving of it on the second trial. The instruction brought to the jury in concrete form the most salient issue in the case.

Appellant argues that appellee had ceased doing her housework, not that she was physically unable to do it, but because she had become, in a measure, prosperous, and was financially able to employ a servant. To support this argument evidence was offered of the record of two or three real estate transfers in which appellee was a party. The court rejected the evidence as incompetent, and appellant says this was error. The records do not show whether the appellee made or lost money in the transactions, but, in either event, the evidence is immaterial, because recovery is based upon the injury or loss she sustained rather than upon her financial ability to endure it. The financial circumstance of either party to litigation is not a matter for consideration in such case.

The judgment is affirmed.