## Clem v. Commonwealth.

(Decided February 26, 1926.)

### Appeal from Harlan Circuit Court.

1. Criminal Law.—Judgment must be reversed, where trial court failed to give instructions directed by appellate court in reversing former judgment.

2. Criminal Law—Instruction Called for by Evidence of Deceased's Commission of Felony May be Given, Though Not Directed in Opinion on Former Appeal (Ky. Stats., Section 1148a-7).—That giving of instruction called by evidence of deceased's commission of felony under Ky. Stats., section 1148a-7, was not directed by appellate court on reversing former judgment of conviction, does not preclude giving thereof on retrial, where former opinion did

not say that no other instructions than those directed therein
should be given.

J. S. FORESTER, D. Y. LYTTLE, W. A. BROCK and H. M.
BROCK for appellant.

FRANK E. DAUGHERTY, Attorney General, and GARDNER K.
BYERS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—
Reversing.

The defendant, charged with murder, was convicted
of manslaughter, and his punishment fixed at confine-
ment in the penitentiary for 21 years. The circum-
stances under which this homicide was committed are
fully set out in an opinion delivered upon a former ap-
peal. See 198 Ky. 486, 248 S. W. 1036. In reversing
the former judgment, this court directed that upon the
second trial, certain instructions be given. Through
some misunderstanding, the trial court this time gave
practically the same instructions that were given on the
first trial, and did not give the instructions this court
directed. For this reason this judgment must be re-
versed. If, upon another trial, there is evidence as now
appears in the record, indicating that the deceased had
committed a felony under section 1148a-7, Kentucky Stat-
utes, the court will, in addition to the instructions indi-
cated in the former opinion, instruct the jury as indicated
in Fitzpatrick v. Com., 210 Ky. 385, 275 S. W. 819, modify-
ing the verbiage of the instruction to fit the facts shown
by the evidence. The question of giving or not giving such
instruction was not presented to this court on the former
appeal, and the defendant now insists that he should
have had such an instruction upon his second trial, and
is complaining here because it was not given. The Com-
monwealth insists that the former opinion is the law of
the case, and as such an instruction was not directed to
be given by the former opinion, it should not have been
given. While the former opinion did not direct the giv-
ing of such an instruction, it does not say that such an
instruction should not be given, nor does it say that the
instructions mentioned in the former opinion are the
only ones that should be given. No court has adhered
more closely to the law of the case rule than this one, yet
we have never gone to the extent of saying that in a case
where the evidence on the second trial called for an in-

struction additional to the instructions approved or directed by the former opinion, such additional instructions shall not be given; especially is that true when the former opinion does not say that no other instructions shall be given.

One Murty O'Brian was charged with murder. He was put upon trial, the jury selected, sworn and the hearing of the evidence begun. Spilman, one of the jurors, announced that he was a member of the grand jury that had returned the indictment against defendant, and thereupon the court, on its own motion and over the objection of the accused, discharged the juror and impanneled another in his stead. O'Brian was convicted. He appealed and the judgment was reversed. See 6th Bush 563. As one of the reasons for reversal, O'Brian had insisted very strongly, upon a plea of former jeopardy, but the case was reversed on other grounds. Upon the return of the case, O'Brian entered a formal plea of former jeopardy. He was again convicted and appealed. This court held that his plea of former jeopardy was not presented on the first appeal, and reversed the case, but in doing so said:

> "Conceding, however, that this question was properly before the court upon the former appeal, still no former adjudication gives to the state the right to take the life of the accused when he is entitled to an acquittal. The Commonwealth is not in pursuit of victims, but desires to inflict punishment only in a legal and constitutional way upon the guilty."

See O'Brian v. Com., 9 Bush 333.

We have already said that this case must be reversed for reasons already stated, and as it must be retried, the defendant should have a fair trial, and while we would not have reversed this judgment for the failure to give this instruction in this case, still, it should be given upon the next trial. In Andonique v. Carmen, 162 Ky. 156, the court, deciding this precise question, said:

> "Appellant does not complain that this was an erroneous statement of the law, but insists that the former opinion is the law of the case, and that the giving of the instruction quoted was error, because it was not given on the former trial, and there was no direction for it in the opinion. . . .

"The mere circumstance that an instruction, although a proper one, was not given on the first trial, and, therefore, not considered and approved by this court on appeal, does not of itself preclude the giving of it on the second trial."

The judgment is reversed and the cause remanded for a new trial.