## Saylor v. Commonwealth.

(Decided March 18, 1932.)

80

J. G. ROLLINS for appellant.

BAILEY P. WOOTTON, Attorney General, and H. HAMILTON RICE, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

The appellant, Millard Saylor, tried under an indictment charging him with the willful murder of Earl Calloway, was found guilty of manslaughter and sentenced to serve seven years in the penitentiary. He has.had two trials. At the first trial he was convicted of manslaughter and sentenced to serve ten years in the penitentiary, but the judgment was reversed on the ground of newly discovered evidence. Saylor v. Commonwealth, 235 Ky. 478, 31 S. W. (2d) 719. The evidence on the two trials was substantially the same. The facts are fully stated in the opinion on the first appeal, and it will not be necessary to restate them here.

On this appeal it is argued that the judgment should be reversed because (1) the verdict is flagrantly against the evidence, and (2) the court erred in qualifying the self-defense instruction. The facts were amply sufficient to sustain the verdict. If the evidence for the commonwealth is true, the appellant brought on the difficulty which resulted in Earl Calloway's death, and the homicide was unjustifiable. The evidence as to who was the aggressor was in conflict, but the credibility of the witnesses was a question for the jury. Moreover, this question was considered on the former appeal and was decided adversely to appellant's present contention, and the decision then rendered on substantially the same facts is the law of the case.

In addition to the instructions given on the first trial, the court gave instruction No. 5, which is a qualification of the self-defense instruction and renders it inapplicable in the event the jury should believe the appellant and deceased voluntarily entered into the com-

bat with the intention of killing each other. Appellant's objection to this instruction is twofold. He argues that the evidence did not warrant such an instruction but, if in error in this, that the court was precluded by the doctrine of the law of the case from giving it on the second trial when it had not been given on the first trial, since the opinion on the former appeal did not direct the giving of such an instruction.

It is apparent from the record that bad feeling existed between the deceased and members of the Saylor family, including appellant. The latter, at a time when deceased was engaged in conversation with a third person, addressed a provocative remark to deceased and, if the testimnoy of one witness for the commonwealth is believed, followed it with a vulgar expression which, under the circumstances, was very likely to bring on a difficulty. He was armed with two pistols, and his conduct indicated that he was ready and willing to enter into a combat. The deceased likewise was not loath to be embroiled. The facts are very similar to those in the recently decided case of Pergram v. Commonwealth, 242 Ky. 465, 46 S. W. (2d) 780. In that case the self-defense instruction was qualified in two respects. It was made inapplicable if the defendant and deceased voluntarily entered into the difficulty with the intention on the part of each to kill the other, or if the defendant brought on the difficulty. It was held that both qualifications of the self-defense instruction were warranted. So in the present case there was ample evidence to warrant the giving of instruction No. 5 on the first trial; but since neither it nor any similar instruction was given on that trial, and no complaint having been made of the instructions on the first appeal, and no reference to them having been made in the opinion, was the lower court on the second trial precluded by the rule of the law of the case from giving the instruction although warranted by the evidence?

As applied in this jurisdiction, the law of the case rule precludes a litigant from raising on a subsequent appeal any questions that could have been raised, as well as those that were raised upon a former appeal unless expressly reserved. Barton v. Com., 240 Ky. 786, 43 S. W. (2d) 55; Johnson v. Commonwealth, 225 Ky. 413, 9 S. W. (2d) 53. In Cincinnati, N. O. & T. P. Railway Co. v. Perkins' Administrator, 193 Ky. 207, 235 S. W. 776, 777, the following was quoted with approval from Con-

solidation Coal Co. v. Moore, 179 Ky. 293, 200 S. W. 458, and stated to be the rule in this jurisdiction:

"That the opinion upon the first appeal is the law of the case, not only with respect (1) to errors relied upon for a reversal on the first appeal and which are mentioned in the first opinion; (2) to errors relied on but not noticed in the opinion; but (3) also as to errors appearing in the first record that might have been but were not then relied upon. . . . This rule applies to all cases where the opinion does not expressly state that a particular point is not passed upon; and an opinion upon a first appeal conclusively settles the question of the sufficiency of the pleadings, the competency of the testimony, and its sufficiency to take the case to the jury."

There is a line of cases in this state which upon a cursory examination, seem to hold that where instructions that were given upon the trial were before this court and were not criticized, they are tacitly approved and become the law of the case, and additional instructions cannot be given in succeeding trials. Cox's Admr. v. L. & N. Railroad Co., 137 Ky. 388, 125 S. W. 1056; Kentucky Traction & Terminal Co. v. Downing's Administrator, 159 Ky. 502, 167 S. W. 683; Muth v. Nunnelley, 202 Ky. 402, 259 S. W. 1011; Pickrell v. Wilson, 217 Ky. 430, 289 S. W. 1100; Louisville & N. Railroad Co. v. Rowland's Administrator, 227 Ky. 841, 14 S. W. (2d) 174; New York Life Insurance Co. v. Long, 235 Ky. 806, 32 S. W. (2d) 403. A careful reading of the opinions in these cases discloses that in each of them the appellant was complaining of the lower court's failure to give an instruction on the second trial which had not been offered at the first trial, and the law of the case rule was applied on the ground that the appellant could and should have offered the instruction at the first trial. The rationale of those cases is bottomed on the theory that the opinion on the first appeal is conclusive of all questions which the appellant raised or could have raised on the first appeal as well as all questions which could have been injected into the record by him at the trial.

An entirely different question is involved in the instant case. Appellant is not complaining of the lower court's failure to give an instruction offered by him,

but he is complaining because an instruction which was not given at the first trial, though proper under the evidence, was given at the second trial. Clem v. Commonwealth, 213 Ky. 265, 280 S. W. 1104, 1105, presented a much stronger case than does the present one for the application of the law of the case rule, but the court refused to apply the rule and, in reversing the case on the second appeal, it directed the trial court to give an additional instruction which had been requested by the defendant for the first time on the second trial. It was said:

"The question of giving or not giving such instruction was not presented to this court on the former appeal, and the defendant now insists that he should have had such an instruction upon his second trial, and is complaining here because it was not given. The commonwealth insists that the former opinion is the law of the case, and, as such an instruction was not directed to be given by the former opinion, it should not have been given. While the former opinion did not direct the giving of such an instruction, it does not say that such an instruction should not be given, nor does it say that the instructions mentioned in the former opinions are the only ones that should be given. No court has adhered more closely to the law of the case rule than this one; yet we have never gone to the extent of saying that, in a case where the evidence on the second trial called for an instruction additional to the instructions approved or directed by the former opinion, such additional instructions shall not be given. Especially is that true when the former opinion does not say that no other instructions shall be given. . . . In Andonique v. Carmen, 162 Ky. 156, 172 S. W. 112, the court deciding this precise question, said: 'Appellant does not complain that this was an erroneous statement of the law, but insists that the former opinion is the law of the case, and that the giving of the instruction quoted was error, because it was not given on the former trial, and there was no direction for it in the opinion. . . . The mere circumstance that an instruction, although a proper one, was not given on the first trial, and therefore not considered and approved by this court on appeal, does not of itself preclude the

giving of it on the second trial.' " To the same effect is Metropolitan Life Insurance Co. v. Penick, 227 Ky. 490, 13 S. W. (2d) 496.

This court probably has gone as far as any court in applying the law of the case rule, and we are not disposed to extend it further. The rule is founded on the policy of the law that there must be an end to litigation somewhere. A contrary rule might vexatiously prolong litigation and indefinitely postpone final judgment. A litigant may not on a subsequent appeal raise a question which he could have presented on a former appeal and thus take advantage of his own negligence and prolong the litigation. Blanton v. Wilson, 234 Ky. 637, 28 S. W. (2d) 970. But to apply the rule under the facts of this case would result in the very evil it was intended to prevent—the prolongation of the litigation—and without correcting any error that has prejudiced appellant's rights. Appellant's substantial rights were not prejudiced by the giving of instruction No. 5 merely because it had not been given at the first trial, and since the giving of such an instruction could not have been and was not considered on the first appeal, the lower court was not precluded from giving it at the second trial.

The judgment is affirmed.