## Coots v. Commonwealth.

March 23, 1945.

620

W. H. Lewis, Astor Hogg and J. H. Asher for appellant.

Eldon S. Dummit, Attorney General, and H. K. Spear, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER —Affirming.

The opinion on the first appeal is reported in 295 Ky. 637, 175 S. W. 2d 139, 140. Therein we reversed the judgment of appellant's conviction of the crime of manslaughter and sentence of ten years' confinement in the State Reformatory, upon the ground that the court had erred in permitting the Commonwealth to introduce incompetent evidence. Because that opinion recites the evidence concerning the circumstances of the homicide, we will refrain from doing so in this opinion. On the last trial, appellant was convicted and sentenced to twenty-one years in the State Reformatory. Two grounds are urged for reversal: (1) That the court erred in overruling appellant's motion for a directed verdict of acquittal; and (2) the court erred in admitting incompetent evidence introduced by the Commonwealth.

The evidence on this trial for both the Commonwealth and the defendant is substantially the same as the evidence recited in the opinion on the former appeal, and as was given on the trial from which that appeal was taken. The same argument in respect to the same evidence was made on the former appeal, and we held: "It is apparent that the evidence was sufficient to submit the case to the jury, and to sustain the verdict." That opinion is the law of the case, and is binding on this court on this appeal, under the well-known rule that a decision rendered on a former appeal, on substantially the same facts, is binding on the court on a subsequent appeal. Saylor v. Commonwealth, 243 Ky. 79, 47 S. W. 2d 736. The evidence complained of was the exhibition to the jury of the clothes allegedly worn by the deceased at the time he was killed. The objection to the evidence is that it was not established by the witness who introduced the exhibits that the clothes were in the same condition at the time they came into her hands the day following the homicide as they were in when taken from the body of the deceased. The same objection was raised on the former trial, but was not presented for our consideration on the former appeal. The law of the case rule, as applied in this jurisdiction, precludes a litigant from raising on a subsequent appeal any question

that could have been raised, as well as questions that actually were raised, upon a former appeal. Saylor v. Commonwealth, supra, and cases therein cited on page 737 of 47 S. W. 2d. The question now complained of was duly saved on the former trial, and in the motion for a new trial therein filed, and could have been presented to this court upon that appeal. Litigants may not prolong legal controversies by trying their cases piecemeal.

The judgment is affirmed.