**Elijah MESSER, Appellant.**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Oct. 13, 1961.

Carlos B. Pope, J. B. Campbell, Barbourville, for appellant.

John B. Breckinridge, Atty. Gen., Wm. F. Simpson, Asst. Atty. Gen., for appellee.

MILLIKEN, Judge.

In September, 1960, the appellant, Elijah Messer, was convicted for the second offense of possessing alcoholic beverages for sale in dry territory, fined $50, and sentenced to 60 days in jail.

The affidavit for the warrant issued for the search of his premises was based on information and knowledge, stated as follows:

"Paul Stamper, Sheriff Knox County, the affiant, was told by Charles Mays, Deputy Sheriff Knox County, that Lige Messer a known boot legger of Knox County has now in his possession a large quantity of intoxicating beverages, whiskey, beer & etc. for the purpose of sale on his premises, or filling station, which he has leased, & also in cars of various kinds located on said premises and under his control & known as Messer Pan Amm Filling Station located at Heidrick, Knox Co. Ky. at Junction of U. S. 25E & Highway 11 on Right hand side going north."

Since the appellant's conviction, this Court, on June 23, 1961, in Henson v. Commonwealth, Ky., 347 S.W.2d 546, after reviewing the decisions therein collected, re-

stated the principle that affidavits for search warrants must disclose the time at which the observation was made which is the source of the informant's knowledge. The above quoted affidavit fails to meet that standard, and hence the affidavit was insufficient to support the warrant and the evidence obtained on the search was not admissible. It is unnecessary to discuss other grounds raised for reversal, but see Henry v. Commonwealth, Ky., 316 S.W.2d 864, admitted by the Commonwealth as sustaining appellant's contention for reversal.

The judgment is reversed.