**COMMONWEALTH of Kentucky, Appellant,**

**v.**

**Mrs. Tracy (Lorene) DAVENPORT, Appellee.**

Court of Appeals of Kentucky.

March 22, 1963.

John B. Breckinridge, Atty. Gen., William F. Simpson, Asst. Atty. Gen., for appellant.

J. B. Johnson, Jr., Louisville, for appellee.

MOREMEN, Judge.

Appellee, Mrs. Tracy (Lorene) Davenport was indicted in the Whitley Circuit Court for the offense of possessing alcoholic beverages for the purpose of sale in dry local option territory.

When the case came on for trial appellee filed motion to quash the affidavit and search warrant and to suppress the evidence obtained by reason of the execution of the warrant on the ground that the affidavit was insufficient. The circuit court sustained the motion and the appellee was found not guilty. The Commonwealth has appealed under Section 335 of the Criminal Code of Practice for a certification of the law.

The affidavit which was executed by the sheriff of Whitley County reads in part as follows:

"The affiant states that he bases the aforesaid belief on information furnished him by Isham Alder, a reputable citizen of Whitley County, Kentucky, and who is also a citizen and resident of Whitley County, Kentucky, and a Constable of said County and State, and who on today, July 30, 1961, told the affiant as follows:

"Loraine (Mrs. Tracy) Davenport is selling whiskey; that she just bought a big load of red whiskey, wine, gin, and other alcoholic beverages, and she has some whiskey, wine, beer, gin and other intoxicating beverages now in her house or premises adjacent thereto on today for the purpose of sale, gift, or barter in violation of the Local Option Law."

In Henson v. Commonwealth, Ky., 347 S.W.2d 546, it was held that where an affidavit for a search warrant states the essence of illegal possession as an ultimate fact, the affidavit must relate how and when the fact was observed.

In Williams v. Commonwealth, Ky., 355 S.W.2d 302, it was pointed out that even before the Henson case, it was the rule that when an affidavit is based on information or belief, it must disclose when the observation was made by the informant. See also Williamson v. Commonwealth, Ky., 349 S.W.2d 825; and Messer v. Commonwealth, Ky., 350 S.W.2d 486.

It is argued by the Commonwealth in the case at bar that the expression, "who on today, July 30, 1961 told the affiant" definitely fixes the date and time the observation was made, the information obtained and imparted. The quoted expression, together with the statement that she had just bought a big load of alcoholic beverages and that she had some of such beverages in her house, is perhaps specific enough as concerns the time that appellee had in her pos-

session the intoxicating liquors for the purpose of sale, but it does not state the manner in which the observation was made.

We are of opinion that the affidavit under consideration fails to meet the standard set forth in the cases above cited. The court correctly sustained the motion to quash the affidavit and search warrant and to suppress the evidence obtained by reason of the warrant.

The law is so certified.