**Lansing BUCKLEY, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Oct. 23, 1964.

———◆———

J. Ervin Sanders, Sanders & Redwine, Pikeville, for appellant.

Robert Matthews, Jr., Atty. Gen., David Murrell, Asst. Atty. Gen., Frankfort, Thomas Ratliff, Commonwealth's Atty., Pikeville, for appellee.

STEWART, Judge.

Lansing Buckley was convicted as a third offender of illegally possessing alcoholic beverages in local option territory for the purpose of sale. See KRS 242.230(1) and KRS 242.990(1). He was given eighteen months in the penitentiary, and he appeals from the judgment entered.

Before the trial Buckley moved to suppress the evidence obtained by reason of a search of his house and premises on the ground that the affidavit upon which the search warrant was based was defective. The trial court overruled the motion.

The affidavit, made by a constable in Pike County on information and belief, reads, in part:

"(1) That Ernest Hylton stated he bought a half-pint on 9–15–'63, or (2) that he was on the 21 day of Sept., 1963, reliably informed by Ernest Hylton, a reputable citizen of Pike County, Kentucky, that liquor is now stored and being sold in violation of the local option on the above described premises which are located in Pike County, Kentucky, a territory where the local option law is now in full force and effect and that said Lansing Buckley has the reputation of being in the liquor business."

Commonwealth v. Davenport, Ky., 366 S.W.2d 171, a recent case, considered language very similar to that above quoted and

held the affidavit insufficient because it failed to relate how and when the facts recited were observed.

In the case at bar the affidavit for the search warrant averred illegal possession of alcoholic beverages as an ultimate fact but it did not state the manner in which the observation was made.

The alleged purchase by Ernest Hylton of a "half-pint on 9–15–'63" is an incomplete ambiguous statement; such a purchase could have been milk or orange juice or some other harmless substance. We are left to guess what it was.

It follows the affidavit was insufficient to support the search warrant, and the evidence obtained by the search was inadmissible.

Wherefore, the judgment is reversed.