**Eula Mae NOCE, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

May 27, 1966.

As Modified on Denial of Rehearing
Sept. 16, 1966.

erated by Eula Mae Noce and is described above. Raymond Craig of Pike County, Kentucky, states that liquor is now stored and being sold in violation of the local option on the above described premises which are located in Pike County, Kentucky, a territory where the local option law is now in full force and effect, and that said Eula Mae Noce has the reputation of being in the liquor business."

We think the affidavit sufficiently shows how and when Raymond Craig learned that alcoholic beverages were stored for sale on appellant's premises, and we think it is implicit in the affidavit that June Goff, as an employee of the appellant, sold the beer at the place of her employment. In Buckley v. Commonwealth, Ky., 383 S.W.2d 349, cited by appellant as authority for condemning the present affidavit, the affidavit failed to state that it was an alcoholic beverage which was purchased on the premises but merely described the purchase as a "half pint," and we held that description was too indefinite saying "it could have been milk or orange juice."

J. Ervin Sanders, Sanders & Redwine, Pikeville, for appellant.

Robert Matthews, Atty. Gen., David Murrell, Asst. Atty. Gen., for appellee.

MILLIKEN, Judge.

The appellant, Eula Mae Noce, was convicted of possessing alcoholic beverages for sale in local option territory, second offense, fined $200 and sentenced to 120 days in jail.

■ For reversal of the judgment, the appellant contends that evidence obtained by a state trooper in the search of her property should not have been admitted because the affidavit upon which the search warrant was based did not state sufficient facts "to show probable cause in the issuing officer." The affidavit stated:

"That he knows the following facts: The affiant was informed by Raymond Craig on June 8, 1965, that Raymond Craig at 3:10 p. m. on June 8, 1965, purchased 3 cans of Budweiser Beer for $1.50 from June Goff, an employee of the Cash and Carry, which is owned and op-

■ The appellant also complains that proof of the prior conviction was not complete because the quarterly court showed that the conviction there had been appealed to the Circuit Court. The quarterly court record, however, did have a notation upon it, "appeal dismissed." The appellant contends the Commonwealth should have produced the Circuit Court record to show the disposition of the appeal, and that its failure to do so resulted in its not proving the prior conviction. "It is not necessary for the Commonwealth to show that the former judgment of conviction has not been vacated, set aside or reversed. It will be presumed to be in force, unless the defendant shows otherwise." Dunnington v. Commonwealth (1929), 231 Ky. 327, 21 S.W.2d 471, 473. Perhaps a better way to say it is that in the absence of conclusive proof to the contrary the record of a former conviction is enough to permit a jury to infer that

it has not been vacated, set aside or reversed. In this case the evidence to the contrary was not sufficient to remove the question from the province of the jury. See, also, Tall v. Commonwealth (1908), 110 S.W. 425, 428, 33 KLR 541.

The judgment is affirmed.