The judgment is reversed for further proceedings consistent with this opinion.

All concur.

**Ed ANDERSON, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Oct. 13, 1967.

---

Francis D. Burke, Burke & Justice, Pikeville, for appellant.

Robert Matthews, Atty. Gen., David Murrell, Asst. Atty. Gen., Frankfort, for appellee.

CLAY, Commissioner.

Appellant was convicted of possessing alcoholic beverages in local option territory. The only contention on appeal is that the affidavit supporting the search warrant was insufficient.

 In part the affidavit read:

" * * * On Friday May 20, 1966, affiant was informed by Willie Oney that on Friday May 20th 1966 at 4 PM he, Willie Oney, purchased one half pint of Old Crow 90 proof whiskey for $2.50 at the above described premises from a white woman and that alcoholic beverages are now stored on said premises in violation of Pike County's local option laws now in effect."

It is contended that since the premises searched, a filling station, were of a public character, the purchase from a person on those premises did not furnish reasonable grounds to believe that alcoholic beverages were kept there. However this purchase, coupled with the additional information that alcoholic beverages were stored there, furnished probable cause for believing that evidence material to the prosecution of the offense might be obtained by searching those premises. See Commonwealth for Use and Benefit of City of Paintsville v. Melvin, Ky., 256 S.W.2d 513, and Noce v. Commonwealth, Ky., 405 S.W.2d 738. The affidavit was sufficient.

If it were assumed the affidavit was insufficient, it is apparent from the record that appellant consented to the search.

The judgment is affirmed.

All concur.