**Walter "Sonny" GOSSETT, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

May 9, 1969.

R. B. Bertram, E. G. Bertram, Jr., Bertram & Bertram, Monticello, for appellant.

John B. Breckinridge, Atty. Gen., David Murrell, Asst. Atty. Gen., Frankfort, for appellee.

REED, Judge.

Walter (Sonny) Gossett was indicted for a third offense violation of the "local option law" (KRS 242.230 and 242.990). He has had two trials. At his first trial he was convicted and sentenced to serve two years in the penitentiary, but this judgment was reversed and a new trial ordered because of prejudicial error in the selection of the jury. See Gossett v. Commonwealth, Ky., 426 S.W.2d 485. On his second trial he was convicted again and sentenced to serve one year in the penitentiary. He has appealed again.

The principal problem posed by this second appeal is the proper application of the law of the case rule.

In Gossett's first appeal two claims of error were raised by him and were decided. The first error asserted was that incompetent evidence procured under an invalid search warrant was admitted over his objection. Gossett claimed that the supporting affidavit for the search warrant was insufficient. This affidavit contained in part the observation of the police officer who sought its issuance and also information secured by the officer from a named informant. We specifically held the search warrant to be valid and the evidence procured under the authority of the warrant to be admissible. The evidence was 16 pints of whisky found in a sack in a building located on property occupied by Gossett. The second asserted error concerned the selection of the jury. On this second appeal, Gossett again asserts the invalidity of the search warrant and the inadmissibility of the evidence procured under its authority.

■ The general principle from which the law of the case rule stems is that the orderly administration of justice requires an end to litigation somewhere. The rule itself is generally stated in terms of finality—a litigant may not raise on a subsequent appeal any question that could have been raised as well as those that were raised upon a former appeal, unless such questions were reserved. Saylor v. Commonwealth, 243 Ky. 79, 47 S.W.2d 736. It applies only to rulings made by an appellate court and does not apply to rulings by the trial court in successive trials of the same cause. Scamahorne v. Commonwealth, Ky., 376 S.W.2d 686. The decision of the appellate court is the law of the case on a new trial as to such matters and such only as were ruled on by the appellate court. 24B C.J.S. Criminal Law § 1952(8), p. 410.

■ Where the law of the case rule is applicable, it has sufficient flexibility to permit the appellate court to admit and correct an error made in the previous decision where substantial injustice might otherwise result and the former decision is clearly and palpably erroneous. White v. Commonwealth, Ky., 360 S.W.2d 198.

The purpose of the rule is to prevent vexatiously long litigation and indefinite postponement of final judgment.

The application of the rule must be viewed in the light of its purpose, and it has been held that where extension of its effect will result in the very evil which its existence is intended to prevent without correcting any error that has prejudiced a litigant's substantial rights, the extension will

not be applied. Saylor v. Commonwealth, 243 Ky. 79, 47 S.W.2d 736.

 Gossett again argues that the search warrant was invalid because the information contained in the affidavit was too vague and the judicial officer who issued the search warrant did not properly describe his office. The judicial officer who issued the warrant had full power to act in the premises. The law of the case rule precludes us from again considering the admissibility of the evidence procured under the search warrant. Our former decision settled the matter and it cannot be relitigated. This also disposes of Gossett's present claim that he was prejudiced by the action of the trial court at his second trial in refusing to allow inquiry of the informant named in the affidavit for the search warrant. This testimony related only to the validity of the search warrant and the admissibility of the evidence. It did not bear on any other issue. The trial court properly held that the issue to which the evidence was directed had been pre-empted from further consideration by our opinion on the former appeal. No claim is made that facts were newly discovered since the former appeal which could not have been discovered then by the exercise of reasonable diligence. This is simply an attempt to relitigate an issue which had been finally decided.

Gossett's final argument for reversal on this appeal is that proof of a former conviction of the same offense was insufficient.

The Commonwealth introduced, by testimony of the clerk of the circuit court, a judgment of conviction of Gossett for the same offense in 1962. An appeal bond was appended to the judgment, but across its face there was a written notation: "Void, served in jail." No order dismissing an appeal and remanding Gossett to jail appeared of record.

Gossett could not raise this question in the former appeal because he did not raise it in the trial court on his first trial. Since the law of the case rule does not apply to trial court proceedings and the question could not have been raised on the former appeal, it was procedurally proper for Gossett to assert this ground at his second trial and we are not precluded from considering it on its merits on this second appeal.

In Noce v. Commonwealth, Ky., 405 S.W.2d 738, it was contended that proof of a prior conviction was not complete because no order reciting the dismissal of an appeal from the judgment of an inferior court appeared of record. There was only a notation "Appeal dismissed" on the face of the judgment. It was held that there was a presumption that the judgment remained in force unless the defendant showed otherwise. In the course of the opinion we said:

"Perhaps a better way to say it is that in the absence of conclusive proof to the contrary the record of a former conviction is enough to permit a jury to infer that it has not been vacated, set aside or reversed."

The judgment is affirmed.

All concur.